**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

**JUDITH WADE,**

      **Plaintiff,**

      **vs.**                                   **Case No.:**

**GULF COAST HEALTH CARE OF**
**DELAWARE, LLC and MF**
**FLAGLER, LLC d/b/a FLAGLER**
**HEALTH AND REHABILITATION**
**CENTER,**

      **Defendants.**

_____

**COMPLAINT**
**DEMAND FOR JURY TRIAL**

    **COMES NOW**, the Plaintiff, JUDITH WADE, by and through her undersigned

counsel, brings this lawsuit seeking declaratory relief, and monetary damages against

Defendants, GULF COAST HEALTH CARE OF DELAWARE, LLC ("Gulf Coast") and

MF FLAGLER, LLC d/b/a FLAGLER HEALTH AND REHABILITATION CENTER

("Flagler H&R") (collectively "Defendants") for violations of Section 504 of the

Rehabilitation Act of 1973 ("Section 504"), and Section 1557 of the Patient Protection and

Affordable Care Act ("Affordable Care Act"). Defendants failed to provide effective

communication and meaningful access for approximately twenty three (23) days for Mrs.

Wade while receiving rehabilitation treatment. Defendants intentionally denied this deaf

individual full and equal enjoyment of Defendants' services, facilities, and privileges.

Defendants failed to make reasonable modifications in policies, practices or procedures,

and failed to take such steps as are necessary to ensure Mrs. Wade was not excluded, denied services, or otherwise treated differently because of her disabilities.

## JURISDICTION AND VENUE

1.      This Court has jurisdiction over the actions pursuant to 28 U.S.C. § 1331, 1343.

2.      Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b)(1)-(b)(2) because (1) the Defendants are located in this district, and (2) a substantial part of the events or omissions giving rise to Plaintiff's claims occurred within this district.

## PARTIES

## PLAINTIFF

3.      Plaintiff, JUDITH WADE ("Mrs. Wade") is and was, at all times material hereto, a resident of St. Johns County, Florida. Mrs. Wade is deaf, cannot speak, and relies upon American Sign Language ("ASL") to communicate effectively.

## DEFENDANTS

4.      Defendant, GULF COAST HEALTH CARE OF DELAWARE, LLC ("Gulf Coast") is principally engaged in the business of providing health care. 29 U.S.C. § 794 (b) (3) (A) (ii).  Gulf Coast's Corporate headquarters is located in Pensacola, Florida, and is the parent company for Flagler H &R.

5.      Defendant, MF FLAGLER, LLC d/b/a FLAGLER HEALTH AND REHABILITATION CENTER ("Flagler H&R") is principally engaged in the business of providing health care. 29 U.S.C. § 794 (b) (3) (A) (ii). Flagler H&R is located in Bunnell,

Florida.

6.     Gulf Coast and Flagler H&R are recipients of federal financial assistance and are, therefore, subject to the requirements of Section 504 of the Rehabilitation Act, 29 U.S.C. § 794, and Section 1557 of the Patient Protection and Affordable Care Act ("Affordable Care Act") and their regulations.

### FACTUAL ALLEGATIONS

7.     Mrs. Wade is deaf, she cannot speak, and relies upon American Sign Language (ASL) to communicate effectively in a bi-directional manner.

8.     On approximately August 17, 2017, Mrs. Wade tripped at home and broke her right shoulder, which required hospitalization. Once released from the hospital on August 22, 2017, Mrs. Wade was transferred to Flagler H&R where she was to receive rehabilitation treatment from August 22, 2017 through September 14, 2017.

9.     Prior to Mrs. Wade's arrival at Flagler H&R, Defendants were  put on notice that Mrs. Wade was deaf, and required the use of a Sign Language Interpreter.

10.     Flagler H&R told Mrs. Wade and her daughters, that Sign Language Interpreters would not be provided. As a result, Mrs. Wade's daughters, Rena Hurley and Tricia Motes, were forced to interpret throughout her twenty three (23) day stay at Flagler H&R,  or allow their mother to be subjected to exclusion in the decision making and direction of her medical care.

11.     At admission, Mrs. Wade was accompanied by her daughter, Tricia Motes, who requested an interpreter for her mother, along with telling Flagler H&R her

mother is requesting an interpreter. Those requests, along with the repeated requests for an interpreter throughout her twenty three (23) day admission, were denied.

12.     The Defendants' "Welcome to our center! Checklist" states the following: "Due to certain state and federal requirements we must provide you with specific information and have certain forms completed before or upon admission." The checklist requires Defendants to explain, and or have Mrs. Wade execute, twenty three (23) different forms. Ironically, these forms include Notices outlining Mrs. Wade's rights to "Self Determination," the "Resident Grievance Program," and the "Resident Rights" form.

13.     Mrs. Wade was  required to execute consent forms, complex billing forms, and engage in legal discussions about advanced directives, an arbitration agreement (which was declined), the right to a do-not-resuscitate order, and other complicated and technical discussions about her medical care, and her federal and state rights as a patient.

14.     At Flagler H&R, Mrs. Wade underwent physical therapy, occupational therapy, a behavior analysis, and received other medical care. Throughout Mrs. Wade's medical records, Defendants document that Mrs. Wade is "deaf," "nonspeaking," and "communicates through sign language".

15.     In lieu of providing a qualified ASL interpreter, Flagler H&R also forced Mrs. Wade to use a "communication board," and pen and paper to communicate. These archaic and insufficient mechanisms failed to allow Mrs. Wade to engage in an interactive exchange of her medical information.

4

16.    Mrs. Wade writes with her right hand, and her right arm was in a sling during her stay due to the fall at her home. Mrs. Wade  was unable to write effectively on a "communication board", or with pen and paper as a result of her injury. These ineffective devices prevented Mrs. Wade from being able to express thoughts, or ask questions, and she was also unable to do so vocally because Mrs. Wade cannot speak.

17.    During her treatment, Defendants held two large staffing meetings to address Mrs. Wade's care. Defendants refused to provide an interpreter, and Mrs. Wade's daughter was forced to change her work schedule so she could be present to interpret the meetings for her mother.

18.    Mrs. Wade's daughters were unable to be present at all times an interpreter was needed to relay medical information to and from the Defendants. During those times, Mrs. Wade continued to be denied effective communication, and was forced to wait until her daughters arrived, *when they could arrive*, to find out what was going on with her medical care.

19.    Throughout the twenty three (23) days, Mrs. Wade was not able to participate in the social activities provided by Flagler H&R due to lack of effective communication.

20.    During Mrs. Wade's treatment at the Defendants' facility, Hurricane Irma was predicted to hit the Bunnell, Florida area. In preparation for the storm, the Defendants boarded up the windows of the facility, and engaged in other emergency preparation. But due to the fact that Defendants failed to provide an interpreter, Mrs. Wade was unable to access emergency information about the Defendants' plans to keep

the residents safe during the storm. This created an unnecessarily stressful situation for Mrs. Wade and her family.

21.     Mrs. Wade had to rely on her daughters to attempt to stay abreast of storm preparation at the facility. Defendants were using her daughters as a conduit, because Defendants failed to provide an interpreter to communicate with their patient Mrs. Wade directly.

22.     As Hurricane Irma was approaching and during the storm, Mrs. Wade was unable to communicate with her daughters, and her daughters were unable to travel to the facility to interpret for her. This created a very stressful experience for the entire family.

23.     Mrs. Wade was upset, frustrated, and confused about her medical treatment as a result of the Defendants' failure to provide effective communication. Mrs. Wade was also burdened with worrying about her daughters who were trying to modify their schedules - not to enjoy a visit with their mother - but to be present to interpret for the Defendants.

24.     Although not required by statute, Plaintiff attempted to rectify this matter with the Defendants prior to initiating this lawsuit.

25.     Mrs. Wade has required rehabilitation services two (2) additional times since her placement at the Defendants' facility.

26.     The Plaintiff experienced humiliation, dejection, embarrassment, anger, and frustration as the direct result of Defendants' ongoing and brazen denial of her federally protected rights.

27.     Defendants' actions have caused the Plaintiff distinct, palpable, and perceptible injury. Those injuries include but are not limited to those described herein.

## COUNT I

## VIOLATIONS OF SECTION 504 OF THE REHABILITATION ACT

28.     Plaintiff repeats and re-alleges allegations ¶¶ 1-27 in support of her claims.

29.     Mrs. Wade is deaf and her disabilities substantially limit major life activities and is, therefore, considered to be an individual with a disability under Section 504.

30.     Count One is brought against the Defendants as a claim for discrimination against people with disabilities in violation of Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. §794, which provides, in relevant part:

> No otherwise qualified individual with a disability in the United States, as defined in Section 705 (20) of this title, shall, solely by reason of his or her disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance.

31.     Defendants are recipients of federal financial assistance including, but not limited to, acceptance of Medicare and Medicaid funds, and are, therefore, subject to the requirements of Section 504. 29 U.S.C. § 794.

32.     Defendants have intentionally discriminated against Plaintiff on the basis of her disabilities in violation of 29 U.S.C. §794 and its implementing regulations.  Such discrimination includes, but is not limited to, failure to provide auxiliary aids and

services, denial of effective communication, and exclusion to services based on disability. 45 C.F.R § 84.52.

33.    Defendants' actions were intentional, and with reckless disregard for the rights of the Plaintiff, when Mrs. Wade and her daughters repeatedly made affirmative requests to be accommodated.

34.    As a result of Defendants' actions described above, Plaintiff suffered irreparable loss and injury including, but not limited to, humiliation, embarrassment, emotional distress, and a deprivation of her rights to non-discrimination on the basis of her disabilities.  In engaging in this unlawful conduct described above, Defendants, Gulf Coast and Flagler H&R, acted intentionally and maliciously to damage the rights and dignity of Plaintiff.

## COUNT II

## SECTION 1557 OF THE PATIENT PROTECTION AND AFFORDABLE CARE ACT

35.    Plaintiff incorporates and re-alleges paragraphs ¶¶ 1-27 as it fully set forth herein.

36.    Plaintiff, Judith Wade, is substantially limited in the major life activities of hearing and speaking. Accordingly, she is an individual with a disability as defined under 29 U.S.C. § 705(20) and 42 U.S.C. § 12102.[1] *See* 42 U.S.C. § 18116; 45 C.F.R. § 92.4.

---

[1] With the exception of its federal funding requirement, Section 504 uses the same standards as the ADA, and therefore, cases interpreting either are applicable and interchangeable. *Badillo v. Thorpe,* 158 Fed. Appx. 208, 214 (11th Cir. 2005) (citing *Cash v. Smith,* 231 F.3d 1301, 1305 & n. 2 (11th Cir. 2000)).

37.     Defendants are a "healthcare program or activity," receiving federal financial assistance, including Medicaid and Medicare reimbursements. They are, therefore, a covered entity under 42 U.S.C. § 18116.

38.     Section 1557 of the Patient Protection and Affordable Care Act states "an individual shall not, on the ground prohibited under . . . section 504 of the Rehabilitation Act of 1973 (29 U.S.C. § 794), be excluded from participation in, be denied the benefits of, or be subjected to discrimination under, any health program or activity, any part of which is receiving Federal financial assistance[.]". 42 U.S.C. § 18116(a).

39.     A public entity shall give "primary consideration" to the requested accommodation by individuals with disabilities. 45 C.F.R. § 92.202. S*ee* 28 C.F.R § 35.160 (b) (1) (2).

40.     For the reasons set forth in Count II, Defendants have intentionally discriminated against the Plaintiff solely on the basis of disability, in violation of Section 1557 the Patient Protection and Affordable Care Act, 42 U.S.C. § 18116.

41.     As a result of Defendants' actions described above, Plaintiff suffered irreparable loss and injury including, but not limited to, humiliation, embarrassment, emotional distress, and a deprivation of her rights to non-discrimination on the basis of her disabilities.  In engaging in this unlawful conduct described above, Defendants, Gulf Coast and Flagler H&R, acted intentionally and maliciously to damage the rights and dignity of Mrs. Wade.

## **Relief Requested**

**WHEREFORE,** Plaintiff respectfully requests the following relief:

A.     That the Court assume jurisdiction;

B.     Issue a declaratory judgment that Defendants' policies, procedures, and practices have subjected Plaintiff to discrimination in violation of Section 504 of the Rehabilitation Act of 1973, and the Affordable Care Act;

C.     Enjoin Defendants from any policy, procedure, or practice that will deny deaf individuals, such as Plaintiff, equal access to and an equal opportunity to participate in and benefit from Defendants' services, or that denies Plaintiff effective communication with Defendants;

D.     Order Defendants to train its employees about Plaintiff's rights, and the rights of individuals who are deaf, to include the requirement to provide auxiliary aids and services such as qualified interpreters;

E.     Award compensatory damages to Plaintiff;

F.     Award reasonable attorney's fees, expenses and costs of suit; and

G.     Grant such other relief as the Court may deem equitable and just under the circumstances.

## JURY DEMAND

Plaintiff demands trial by jury on all issues which can be heard by a jury.

DATE: August 2, 2019.

Respectfully submitted,

*/s/ Sharon Caserta*
Sharon Caserta, Esq.
Florida Bar No.: 0023117
Morgan & Morgan
Deaf /Disability Rights
76 South Laura Street, Suite 1100

Jacksonville, FL 32202
(904) 361-0078 (Voice)
(904) 245-1121 Videophone
(904) 361-4305 (Facsimile)
scaserta@forthepeople.com
*Trial Counsel for Plaintiff*